NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANONE, INC.,

        Plaintiff - Appellant,

  v.

GREAT AMERICAN INSURANCE
COMPANY,

        Defendant - Appellee,

and

ENDURANCE AMERICAN INSURANCE
COMPANY,

        Defendant.

No. 24-992

D.C. No.
2:21-cv-01554-JCM-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 9, 2025
San Francisco, California

Before: SCHROEDER, S.R. THOMAS, and MILLER, Circuit Judges.

JanOne, Inc., appeals from the district court's order granting summary

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

judgment to its former insurance provider, Great American Insurance Company, on various claims arising out of a dispute over insurance coverage. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021). As a federal court sitting in diversity, we apply the substantive law—including the choice-of-law rules—of the forum state, here, Nevada. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Under the terms of the insurance policy, JanOne is entitled to coverage for all losses that "Insured Persons" become "legally obligated to pay as a result of a Claim." The policy defines a "Claim" to include an "Inquiry." An "Inquiry," in turn, is defined as "a request or demand for an Insured Person either to appear at a meeting, deposition or interview or to produce documents relating to the business of [JanOne] or such Insured Person's capacity with [JanOne]." The policy further provides that any "Claim which arises out of [an] Inquiry shall be deemed to have been first made at the time such written notice of the Inquiry was received by [Great American]." Thus, a "Claim" that arises after the conclusion of the coverage period is covered if it "arises out of" an "Inquiry" that was noticed within the coverage period.

JanOne seeks coverage for various litigation expenses that were incurred

after the conclusion of the coverage period. Those expenses are related to an investigation and subsequent complaint brought by the SEC against JanOne and its former CFO, among others, for violations of federal securities laws. JanOne argues that those expenses are covered under the policy because they "ar[ose] out of" an "Inquiry"—namely, a notice sent by the SEC stating its intention to take the deposition of Tim Matula, a former JanOne director.

Even assuming that the SEC's notice of intent to take Matula's deposition constituted an "Inquiry" under the policy, there is no triable dispute of fact as to whether the expenses for which JanOne seeks coverage "ar[ose] out of" that notice. The parties debate whether Nevada choice-of-law rules call for the application of Nevada law or Minnesota law in construing the policy. We need not resolve that debate because the same result obtains under either State's law. Each time the Minnesota Supreme Court has confronted the phrase "arising out of" in an insurance contract, it has required at least some causal connection between the two relevant events. *See, e.g.*, *Associated Indep. Dealers, Inc. v. Mutual Serv. Ins. Cos.*, 229 N.W.2d 516, 518 (Minn. 1975) (explaining, in an automobile insurance case, that the phrase "arising out of" requires a "causal link"); *accord Dougherty v. State Farm Mut. Ins. Co.*, 699 N.W.2d 741, 743–44 (Minn. 2005). And although there appears to be no authoritative decision from the Supreme Court of Nevada, common usage and the weight of authority convince us that it would interpret that

phrase in a similar manner, requiring the subsequent event to grow out of or flow from the original event. *See Judd v. Weinstein*, 967 F.3d 952, 955–56 (9th Cir. 2020) (explaining that where a State's highest court has not addressed an issue, we must predict how it would decide the issue, and in so doing, we may rely on treatises and decisions from other jurisdictions); Oxford English Dictionary 629 (2d ed. 1989) (defining "arise" as "[t]o spring, originate, or result from"); 7 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 101:52 (3d ed. 2006) (observing that courts have typically interpreted the phrase "arising out of" in insurance policies to require "some causal relation or connection").

JanOne has produced no evidence that the SEC's investigation and JanOne's ensuing litigation expenses grew out of, flowed from, or bore any causal relationship to the SEC's notice of its intent to depose Matula. Because the deposition never occurred, the SEC did not learn anything that could have caused it to continue its investigation or ultimately bring the complaint against JanOne and its CFO. It is insufficient that the Matula deposition notice may have been related to the same underlying SEC investigation as JanOne's later expenses. That shows only that the Matula deposition notice flowed from the underlying investigation, not that JanOne's expenses flowed from the deposition notice. Therefore, JanOne's litigation expenses are not covered by the policy.

**AFFIRMED.**

24-992